IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| EDWARD E. BRYANT, ET AL. | § | |
|     Plaintiffs | § | |
| V. | § | C.A. NO. C-07-268 |
| | § | |
| NATHANIEL QUARTERMAN, ET AL. | § | |
|     Defendants | § | |

### ORDER DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTION TO APPOINT COUNSEL AND MOTION FOR PRODUCTION

This is a civil rights action brought by eight Texas state prisoners who are currently incarcerated at the Garza West Unit in Beeville, Texas, alleging, *inter alia*, denial of access to the courts due to restrictions concerning their use of the law library. Pending are plaintiffs' motion for the appointment of counsel (D.E. 4) and motion for production (D.E. 5). For the reasons stated herein, plaintiffs' motions are denied without prejudice.

**A.     Motion for appointment of counsel.**

Plaintiffs requests that the Court appoint them counsel to represent them in this lawsuit.

No constitutional right to appointment of counsel exists in civil rights cases. Wendell v. Asher, 162 F.3d 887, 892 (5th Cir. 1998); Akasike v. Fitzpatrick, 26 F.3d 510, 512 (5th Cir. 1994). A district court is not required to appoint counsel unless "exceptional circumstances" exist. Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987) (quoting Jackson v. Dallas Police Dep't, 811 F.2d 260, 261 (5th Cir. 1986)). Among the factors that the Court should consider are: "(1) the type and complexity of the case; (2) whether the indigent is capable of adequately presenting his case; (3) whether the indigent is in a position to investigate adequately the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence. The court should also consider  whether appointed counsel would aid in the efficient and equitable disposition

of the case." Jackson, 811 F.2d at 262 (citing Ulmer v. Chancellor, 691 F.2d 209, 213 (5th Cir. 1982)).

Upon careful consideration of the factors set forth in Jackson, the Court finds that appointment of counsel is not warranted at this time.

Regarding the first factor, plaintiffs' First Amendment claims do not present any complexities that are unusual in prisoner actions. Indeed, inmates frequently challenge prison regulations concerning law library use, the availability of legal resources, and the quality of the legal materials available. See e.g. Lewis v. Casey, 518 U.S. 343, 360 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977); Jones v. Greninger, 188 F.3d 322, 325 (5th Cir. 1999).

The second and third factors are whether the plaintiff is in a position to adequately investigate and present his case. Here, the plaintiffs each claim that the Garza West prison law library is inadequate and that legal assistance is "sub par or non-existent." Based on the allegations in the original complaint, it appears that each plaintiff has first-hand knowledge of the conditions at the Garza West law library such that limited "investigation" is required. Moreover, the plaintiffs have thus far demonstrated that they are able to adequately communicate and file pleadings with the Court.

The fourth factor requires an examination of whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence. This action has not yet been scheduled for trial; indeed, due to the fact that there are multiple plaintiffs, the filing fee has not yet been paid because many of the plaintiffs did not file a motion to proceed *in forma pauperis*, and the case has not yet been screened pursuant to 28 U.S.C. § 1915A. That is, the case is at its infancy. Consequently, at this time, the appointment of counsel for trial would be premature.

Finally, there is no indication that appointing counsel would aid in the efficient and equitable disposition of the case.

No "exceptional circumstances" exist that warrant the appointment of counsel at this time. Accordingly, plaintiffs' motion for appointment of counsel, (D.E. 4), is denied without prejudice subject to renewal should counsel be warranted at a later date.

**B.      Motion for production of documents.**

Plaintiffs seeks a court order requiring defendants to produce the following documents from July 12, 2005, through the present:

- (1)   Prisoner grievances concerning the Garza West law library;
- (2)   Copies of all Verify E forms and transfer requests submitted to the law library;
- (3)   Library attendance logs;
- (4)   Disposition of offender property confiscated by the law librarian;
- (5)   Copies of all "denial of entrance" issued to inmates;
- (6)   List of disciplinary actions "in regards to problems" in the law library;
- (7)   All TDCJ-CID rules and regulations concerning access to the courts; and
- (8)   All written reports or statements concerning problems with the library staff.

(D.E. 5).

Local Rule 5.5 provides:

> **Discovery Not Filed.**  Depositions, interrogatories, answers to interrogatories, requests for admission, production, or inspection, responses to those requests, and other discovery material shall not be filed with the clerk.

L.R. 5.5.  Discovery requests are to be served on opposing counsel, not the Court.  Plaintiffs are advised that, in the event their claims survive § 1915A screening, they are to seek discovery via

opposing counsel. In the unlikely event a discovery dispute arises, plaintiffs may seek Court assistance. Therefore, the motion for production (D.E. 5), is denied without prejudice.

ORDERED this 27th day of June, 2007.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE