## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| EDWARD E. BRYANT, ET AL. | § | |
|     Plaintiffs | § | |
| V. | § | C.A. NO. C-07-268 |
| | § | |
| NATHANIEL QUARTERMAN, ET AL. | § | |
|     Defendants | § | |

## ORDER TO PLAINTIFFS DAVIS, NASH, SIMPSON, CARR, SPATES AND SYLVESTER TO SUBMIT CERTIFICATION UNDER PENALTY OF PERJURY

This is a civil rights action brought by eight Texas state prisoners alleging, *inter alia*, denial of access to the courts due to restrictions concerning their use of the law library at the Garza West Unit in Beeville, Texas.  The complaint was filed on June 4, 2007.  It was signed by two of the eight inmates: Edward E. Bryant and Horaldo Cabrera. (See D.E. 1, attached memorandum at 19-20).

Rule 11(a) of the Federal Rules of Civil Procedure provides in relevant part:

> Every pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party. ... An unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the ... party.

Fed. R. Civ. P. 11(a).

By signing the pleading, the unrepresented party is certifying that, to the best of his knowledge, information and belief, the suit has not been filed for any improper purpose or without evidentiary support for the allegations contained in the complaint.  Fed. R. Civ. P. 11(a)(1) and(a)(3).

Here, six of the eight plaintiffs have failed to comply with Rule 11 as they have failed to sign the original complaint.  Mr. Bryant and Mr. Cabrera are not lawyers and cannot represent the interests of the remaining six plaintiffs.  Accordingly, within ten (10) days of the date of this order, each of the plaintiffs who did not sign the complaint--Marion Davis, Gerald W. Nash, Mark Dalton Simpson, Michael Dale Carr, Henry L. Spates and Larry Dan Sylvester–must submit a statement, in pleading form, with the following certification:

<u>*CERTIFICATION OF PLAINTIFF (state name of plaintiff) ADOPTING ORIGINAL COMPLAINT*</u>

*I,    (State name of plaintff ) , certify that I have read the original complaint and I adopt all statements and allegations therein as my own.  I further certify that the original complaint is not being presented for any improper purpose and that there is evidentiary support for the allegations contained therein.*

*I declare under penalty of perjury that the foregoing is true and correct.*

*_____*
*Original Signature of plaintiff required*

Failure to timely comply by any plaintiff will be treated as a representation that such plaintiff does not desire to proceed with this lawsuit and will result in a recommendation to the District Judge that the complaint be dismissed for want of prosecution as to that plaintiff. Each signing plaintiff will be subject to the provisions of Fed. R. Civ. P. 11 and 28 U.S.C. §§ 1915 and 1915A, including the three strikes provision of 28 U.S.C. § 1915(g).

Future motions and pleadings must be signed by all plaintiffs.  Any pleading or motion  which is not signed by all plaintiffs shall be considered as a pleading or motion as

2

to the signing plaintiff(s) only.  A plaintiff may adopt a pleading or motion filed by another plaintiff by filing a certification similar to the one set forth above, substituting in place of the words "original complaint" the title of the pleading or motion being adopted.  Any such certification shall be filed within ten days of the date of filing of the pleading or motion.

All motions to proceed *in forma pauperis* will be held in abeyance pending compliance with this order.

Respectfully submitted this 3rd day of July, 2007.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE