IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| EDWARD E. BRYANT, ET AL. | § | |
|     Plaintiffs, | § | |
| v. | § | C.A. NO. C-07-268 |
| | § | |
| NATHANIEL QUARTERMAN, ET AL. | § | |
|     Defendants. | § | |

MEMORANDUM AND RECOMMENDATION
TO DISMISS ACTION

This is a civil rights action filed pursuant to 42 U.S.C. § 1983 by eight prisoners incarcerated in the Texas Department of Criminal Justice, Criminal Institutions Division ("TDCJ-CID"). Plaintiffs allege that the Garza West Unit law library is inadequate and unavailable such that they are effectively denied their constitutional right of access to the courts, and that they have been retaliated against for the filing of this lawsuit.

Pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiffs' action is subject to screening regardless of whether the entire filing fee is paid or plaintiffs proceed as paupers. Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (per

curiam). Plaintiffs' *pro se* complaint must be read indulgently, see Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam), and their allegations must be accepted as true, unless such allegations are clearly irrational or wholly incredible, Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). Applying these standards, it is respectfully recommended that this action be dismissed for failure to state a claim and as frivolous. 28 U.S.C. § § 1915(e)(2)(b), 1915A(b)(1).

## I.  JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

## II.  PROCEDURAL BACKGROUND AND PLAINTIFFS' ALLEGATIONS

Currently, there are seven (7) plaintiffs: Edward E. Bryant; Horaldo Cabrera; Marion Davis; Mark Dalton Simpson; Michael Dale Carr; Gerald W. Nash; and Henry L. Spates.[1] Plaintiffs filed this lawsuit on June 4, 2007. (D.E. 1). At the time of filing suit, the plaintiffs were all incarcerated at the Garza West Unit in Beeville, Texas. However, since that time, all have been transferred or released: Bryant has been transferred to the Jordan Unit in Pampa (D.E. 22); Spates is at the Diboll Correction Center (D.E. 46); Simpson is at the Jester Unit in Richmond (D.E. 63); Cabrera has been transferred to the Pack Unit in Navasota

---

[1] An eighth plaintiff, Larry Don Sylvester, was granted a voluntary dismissal on August 31, 2007. (D.E. 73).

(D.E. 75); Nash is at the Cotulla Unit in Cotulla, Texas (D.E. 77); Davis is at the Garza East Unit in Beeville, Texas (D.E. 24); and Carr has been released.[2]

In their original complaint, plaintiffs named as defendants TDCJ Executive Director Nathaniel Quarterman, and the following Garza West Unit employees: Senior Warden B. Chaney; Assistant Warden D. Mooneyham; Major T. Zamora; Officer K. Hinojosa; Grievance Investigator K. Longoria; and Law Librarian Senaido Ambriz. They are suing defendants in their individual and official capacities for monetary damages and injunctive relief.

Plaintiffs complain that they are effectively being denied access to the courts because of the manner in which the Garza West Unit law library is operated. In particular, they complain of (1) limited access to and use of the law library; (2) the absence of a knowledgeable legal assistant or staff; (3) no bilingual personnel; and (4) no available guidelines explaining how the law library is organized. Plaintiffs also complain that, when they do get the opportunity to go to the library, defendant Ambriz scrutinizes their legal materials and will not allow them to sit where they would like to or communicate with other offenders. Plaintiffs allege that Ms. Ambriz is acting in retaliation for filing this lawsuit. Plaintiffs also claim that the conditions of the Garza West Unit law library are in violation of Texas state law. Finally, they claim that Ms. Ambriz will not allow them to use the

---

[2]Plaintiff Michael Dale Carr's mail has been returned with a notation that he was released from custody (D.E. 74). Plaintiff Carr never signed the lawsuit, nor did he adopt its allegations, and he has yet to comply with the requirement that he pay the $350 filing fee or submit a completed application for leave to proceed *in forma pauperis*. A memorandum and recommendation to dismiss plaintiff Michael Dale Carr for want of prosecution was entered October 19, 2007 (D.E. 78).

restroom when they are attending the law library, and that the denial of restroom breaks amounts to cruel and unusual punishment in violation of the Eighth Amendment.

### III.   DISCUSSION

#### A.   Legal Standard.

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); see also Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995). An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief. Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002). A claim is frivolous if it lacks an arguable basis in law or fact. Newsome v. E.E.O.C., 301 F.3d 227, 231 (5th Cir. 2002). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." Id. The complaint must be liberally construed in favor of the prisoner and the truth of all pleaded facts must be assumed. Id.

#### B.   Denial of access to the courts.

Prisoners have a constitutionally protected right of access to the courts. See Lewis v. Casey, 518 U.S. 343, 360 (1996) (citing Bounds v. Smith, 430 U.S. 817, 821 (1977)). The right does not guarantee any "particular methodology but rather the conferral of a capability – the capability of bringing contemplated challenges to sentences or conditions of

confinement before the courts." Lewis, 518 U.S. at 356.  See also Jones v. Greninger, 188 F.3d 322, 325 (5th Cir. 1999) (the right provides a reasonable opportunity to file nonfrivolous legal claims challenging convictions or conditions of confinement).  Because the right of access is not a "freestanding right," the plaintiff must demonstrate actual injury resulting from an alleged denial of access to the courts.  Lewis, 518 U.S. at 351; Chriceol v. Phillips, 169 F.3d 313, 317 (5th Cir. 1999).  Without a showing of an actual injury, a plaintiff lacks standing to pursue a claim of denial of access to the courts.  Lewis, 518 U.S. at 349.

To meet the standing requirement, plaintiff "must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief."  Raines v. Byrd, 521 U.S. 811, 818 (1997) (quoting Allen v. Wright, 468 U.S. 737, 751 (1984).  Plaintiff "must establish that he has a personal stake in the alleged dispute and that the alleged injury suffered is particularized as to him."  Id. at 819.  In particular, to succeed on a claim of denial of access to courts, plaintiff must show that he lost an actionable claim or was prevented from presenting such a claim because of the alleged denial.  See Lewis, 518 U.S. at 356.  He must show "that his position as a litigant was prejudiced" as a direct result of the denial of access.  Eason v. Thaler, 73 F.3d 1322, 1328 (5th Cir. 1996).

In this case, not one plaintiff has alleged prejudice in any pending litigation. Plaintiffs' complain in generalized terms that the Garza West Unit library is inadequate, improperly staffed, and not readily available.  However, as the Supreme Court has noted,

"[a]n inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense. That would be the precise analog of the healthy inmate claiming constitutional violation because of the inadequacy of the prison infirmary." Lewis, 518 U.S. at 351. Plaintiffs fail to show injury as the result of any alleged lack of access to the law library, and consequently lack standing to proceed with this claim. Lewis, 518 U.S. at 349. Because plaintiffs' lack standing, their claims have no legal basis, and must be dismissed as frivolous. See Taylor v. Dretke, 2007 WL 1860252 (5th Cir. June 28, 2007) (unpublished opinion) (upholding dismissal as frivolous of prisoner claim of denial of access to courts for failure to demonstrate prejudice); see also Ruiz v. U.S., 160 F.3d 273, 275 (5th Cir. 1998) (upholding dismissal of access to courts claim because underlying appeal was ultimately frivolous).

### *Injunctive claims moot.*

Plaintiffs seek injunctive relief in addition to monetary damages. However, Garza West is a transfer facility, and since the filing of this lawsuit, all of the plaintiffs have been transferred to other units or released; hence their claims for injunctive relief are moot. Edwards v. Johnson, 209 F.3d 772, 776 (5th Cir. 2000) (request for injunctive and declaratory relief becomes moot when inmate leaves the complained-of facility). Thus, even if plaintiffs could establish a denial of the access to the courts claim, injunctive relief is not available to them because they are no longer incarcerated at the Garza West Unit.

*Violation of Texas law*.

Plaintiffs claim that the conditions of the Garza West Unit library violate the Texas Guidelines for Prison Law Library Transfer Facilities or State Jails. However, mere violations of prison violations, without more, do not state a constitutional violation. Jackson v. Cain, 864 F.2d 1235, 1252 (5th Cir. 1989). These allegations fail to state a constitutional violation and are properly dismissed.

**C.    Eighth Amendment Claim.**

Plaintiffs' state that Ms. Ambriz often denies them a pass to use the restroom, and that this denial amounts to cruel and unusual punishment. (D.E. 1 at 10-12).

Harsh conditions of confinement may constitute cruel and unusual punishment unless such conditions are "part of the penalty that criminal offenders pay for their offenses against society." Whitley v. Albers, 475 U.S. 312, 319 (1986); Rhodes v. Chapman, 452 U.S. 337, 347 (1981). The standard to be used in determining whether conditions of confinement are cruel and unusual includes: the "wanton and unnecessary infliction of pain;" conditions "grossly disproportionate to the severity of the crime warranting imprisonment;" and deprivation of "the minimal civilized measures of life's necessities." Chapman, 452 U.S. at 346-47. That is, the Eighth Amendment affords protection against conditions of confinement which may constitute health threats, but not against those which cause mere discomfort or inconvenience. Wilson v. Lynaugh, 878 F.2d 846, 849 (5th Cir. 1989).

Here, the conditions complained of by plaintiffs, not being able to use the restroom while attending the unit law library, simply do not amount to conditions tantamount to a

7

wanton and unnecessary infliction of pain resulting in the unquestioned and serious deprivation of basic human needs. See Wilson v. Seiter, 501 U.S. 294, 304 (1991) (court may consider conditions, alone or in combination, in assessing alleged deprivation). It is respectfully recommended that plaintiff's Eighth Amendment claim be dismissed as frivolous and for failure to state a claim.

**D.    Retaliation.**

Plaintiffs claim that defendant Mrs. Ambriz, the law librarian, inspects their legal materials "page by page, sheet by sheet," and then instructs them to sit at tables facing away from each other to prevent them from discussing this lawsuit. Plaintiffs contend that Ms. Ambriz' actions constitute "interference, harassment, punishment or otherwise [an] effort to penalize the offenders as a result of this lawsuit." (See D.E. 1 at 7).

To state a valid § 1983 claim for retaliation, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory act, and (4) causation. Jones v. Greninger, 188 F.3d 322, 324-25 (5th Cir. 1999). An inmate must allege more than his personal belief that he is the victim of retaliation. Johnson v. Rodriguez, 110 F.3d 299, 310 (5th Cir. 1997). The inmate "must produce direct evidence of motivation or, the more probable scenario, 'allege a chronology of events from which retaliation may plausibly be inferred.'" Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995). Here the plaintiffs allege that they were exercising their constitutional right to file this lawsuit challenging the conditions of the Garza West law

library when the defendant committed the retaliatory acts of examining their papers and not allowing them to sit with other inmates in the law library.

The retaliatory act alleged must rise above the level of a *de minimis* act, that is it is actionable only if "it is capable of deterring a person of ordinary firmness from further exercising his constitutional rights." Morris v. Powell, 449 F.3d 682, 685-86 (5th Cir. 2006). In Morris, the Fifth Circuit held that a job transfer from the commissary to the kitchen was *de minimis*, while a transfer to a more dangerous unit was a sufficiently adverse retaliatory act. Id. at 687. See also Green v. Hamilton, 2007 WL 2815643 (W.D. Tex. 2007) (unpublished) ( search of inmates living areas in retaliation for filing grievances is *de minimis* retaliatory act that would not deter other inmates from filing grievances); Ali v. Jones, 2007 WL 2141381 (S.D. Tex. 2007) (unpublished) (officer's alleged actions of searching inmate's cell, confiscating his shoes, leaving his cell in disarray, and stating that he was going to "get" the inmate, even if motivated by retaliatory intent, were *de minimis*, as they would not deter ordinary person from further exercise of his rights). The mere fact that one's legal papers were inspected upon entry to the law library or that he was made to sit at a certain table apart from other inmates would not deter a person or ordinary firmness from further exercising his constitutional rights. No one was refused access to the law library to research or work on this lawsuit. Even if retaliatory, the acts were *de minimis*, and cannot form the basis for a retaliation claim.

Moreover, because plaintiffs are alleging retaliation for the exercise of the constitutional right of access to the courts, they must first demonstrate they were exercising

9

their right to file non-frivolous legal claims challenging their conviction(s) or conditions of confinement.  Johnson, 110 F.3d at 310-11 (citing Lewis v. Casey, 518 U.S. at 343).  The filing of a frivolous lawsuit is not a protected activity.  Id.  No plaintiff has alleged or shown that he was exercising a right to file a non-frivolous legal claim challenging his conviction or conditions of confinement.  Plaintiffs' frivolous filings may not comprise the basis of a claim of retaliation for exercising one's constitutional right of access to the courts.  Id.

It is respectfully recommended that plaintiffs' retaliation claims be dismissed.

## IV.  RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that plaintiffs' § 1983 claims be dismissed with prejudice for failure to state a claim and as frivolous.  28 U.S.C. § § 1915(e)(2)(b), 1915A(b)(1).

Respectfully submitted this 25th day of October, 2007.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).