UNITED STATES DISTRICT COURT
IN THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| EDWARD BRYANT, ET AL., Plaintiffs | § § § | |
| v. | § § | Civil No. CC-07-268 |
| NATHANIEL QUARTERMAN, ET AL., Defendants | § § § § | |

## ORDER DISMISSING CASE

On October 25, 2007, the United States Magistrate Judge filed a Memorandum and Recommendation in this case (D.E. 83). She recommends the Court dismiss Plaintiffs' claims for failure to state a claim and as frivolous. Plaintiffs Larry Don Sylvester, Gerald W. Nash, Mark Dalton Simpson, and Henry L. Spates have previously been granted voluntary dismissals (D.E. 73, 97, 100, 108). Edward Bryant is the only plaintiff who filed objections.

Plaintiffs were incarcerated at the Garza West Unit in Beeville, Texas, when they filed this lawsuit. All plaintiffs have since been transferred to other units or released. Plaintiffs complain the Garza West Unit law library is inadequate and unavailable such that they are effectively denied their constitutional right of access to the courts. They also claim the library conditions violate Texas law, that they have been retaliated against for filing this lawsuit, and that they have been subject to cruel and unusual punishment. Plaintiffs sue defendants in their individual and official capacities for monetary damages and injunctive relief.

1

In order to have standing to pursue a claim of denial of access to the courts, a plaintiff must show an actual injury. *Lewis v. Casey*, 518 U.S. 343, 349 (1996). To succeed on such a claim, a plaintiff must show that he lost an actionable claim or was prevented from presenting such a claim because of the alleged denial. *Id.* at 356. He must show that his position as a litigant was prejudiced as a direct result of the denial of access. *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996).

Edward Bryant objects that the Garza West Unit law library did not have any procedures posted to guide him or any trained personnel to assist him in legal research. He claims he was unable to adequately brief issues, which caused prejudice and harm to his appeal. He does not explain how his appeal was harmed and does not show how his position has been prejudiced. Because Bryant does not shown an actual injury, the Court finds he has no standing to bring this claim.

The Court finds Bryant's remaining objections have no merit. Bryant restates the claims raised in his complaint and the law cited by the Magistrate Judge. He makes a general objection to the entire recommendation and argues this case should be certified as a class action. He does not provide factual support for this argument.

The remaining plaintiffs did not file objections to the recommendation. The Court regards such omission as their agreement with and acceptance of the Magistrate Judge's findings. The Court finds no error in the Magistrate Judge's memorandum and adopts her findings and conclusions.

Plaintiffs' claims are DISMISSED with prejudice.

ORDERED this _____11_____ day of _____Jan_____, 2008.

_____
HAYDEN HEAD
CHIEF JUDGE