UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| EDWARD E. BRYANT, *et al*, | § | |
| | § | |
|     Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. C-07-268 |
| | § | |
| NATHANIEL QUARTERMAN, *et al*, | § | |
| | § | |
|     Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION TO GRANT
PLAINTIFF CABRERA'S
MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL**

**Background**

Final judgment dismissing plaintiffs' claims was entered January 11, 2008 (D.E. 110). Plaintiff Bryant timely filed his motion for appeal January 28, 2008 (D.E. 113). On February 28, 2008, plaintiff Horaldo Cabrera filed a motion for an extension of time to complete his *in forma pauperis* application, making it clear for the first time that he wished to also appeal the judgment of the District Court (D.E. 126). The Clerk was directed to docket plaintiff Cabrera's motion as a notice of appeal and also as a motion for an extension of time to file notice of appeal (D.E. 127). It is respectfully recommended that plaintiff's motion for an extension of time to appeal the judgment (D.E. 129) be GRANTED.

**Applicable Law**

In a civil case, a notice of appeal must be filed with the district court within thirty days of entry of final judgment. Fed. R. Civ. P. 4(a)(1)(A). Final judgment was entered

January 11, 2008 and plaintiff's Cabrera's notice of appeal should have been filed thirty days later, on or before February 10, 2008. If one party timely files a notice of appeal, any other party may file a notice of appeal within fourteen days of the date when the first notice was filed. Fed. R. Civ. P. 4(a)(3). This section of the rule extended Cabrera's time to file his notice of appeal to February 11, 2008, fourteen days after plaintiff Bryant filed his notice of appeal. Plaintiff Cabrera's notice of appeal was not timely filed.

The district court may extend the time to file a notice of appeal if a party so moves no later than 30 days after the time prescribed by Rule 4(a) expires and the party shows excusable neglect or good cause. Fed. R. Civ. P. 4(a)(5)(A). Plaintiff Cabrera's notice of appeal and motion for an extension of time to file appeal, filed February 28, 2008, were filed within the 30-day period prescribed by this rule.

The determination to grant a motion for an extension of time based upon good cause or excusable neglect is an equitable decision requiring that the court take into consideration all relevant circumstances, including reason for the delay, length of the delay, prejudice to the opposing party, potential impact on judicial proceedings, and whether the movant acted in good faith. *Midwest Employers Cas. Co. v. Williams*, 161 F.3d 877, 879 (5th Cir. 1998) (citing *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 113 S.Ct. 1489 (1993)); *Stotter v. Univ. of Texas at San Antonio*, 508 F.3d 812 (2007).

The factors weigh in favor of plaintiff Cabrera. According to plaintiff, TDCJ does not permit him to send or receive mail from other inmates; consequently he had no notice that plaintiff Bryant was appealing the District Court's judgment of dismissal. Plaintiff

learned that Bryant was appealing the judgment on February 5, 2008, when he received a copy of the court's order to plaintiff Bryant to pay the filing fee or submit an application for leave to proceed *in forma pauperis*. Plaintiff Cabrera timely filed his motion for an extension of time within the thirty-day time period required by Fed. R. Civ. P. 4. There is no indication that the defendants are prejudiced by the delay; in fact defendants were not served in this action. Furthermore, there is no indication that plaintiff did not act in good faith. Finally the impact on the judicial proceedings is negligible because plaintiff Bryant's appeal must be decided in any event.

## **RECOMMENDATION**

Based on the foregoing, it is respectfully recommended that plaintiff's motion for an extension of time to file his notice of appeal (D.E. 129) be granted.

Respectfully submitted this 3rd day of March, 2008.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Services Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).